**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Jesus ALVAREZ, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Jose Jesus Alvarez, Defendant–
Appellant.**

**Nos. 06–30628, 06–30629.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Oct. 1, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

James P. Hagarty, Esq., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Adolfo Banda, Esq., Adolfo Banda Law Office, Yakima, WA, Karen Lindholdt, Esq., University Legal Assistance, Spokane, WA, for Defendant–Appellant.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

Fed. R.App. P. 34(a)(2).

**656**

MEMORANDUM **

Jose Jesus Alvarez appeals from an order denying his motion to dismiss his indictments for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Alvarez contends that the district court erred by not dismissing the indictments under the Speedy Trial Act, 18 U.S.C. § 3161(b), due to collusion between state and federal law enforcement officials to hold him in state custody until the federal charges were filed. We review factual findings concerning the Speedy Trial Act for clear error and questions of law regarding its interpretation de novo. *United States v. Benitez*, 34 F.3d 1489, 1493 (9th Cir.1994).

Because Alvarez failed to offer any evidence of actual collusion between the state and federal officials to deprive him of his federal procedural rights, the district court did not err by denying Alvarez's motion to dismiss the indictments. *See United States v. Michaud*, 268 F.3d 728, 735 (9th Cir.2001).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

